

IN THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.  2018-2187          SECTION: (15)          DIVISION: "A"

---

BILLY JOE GUERRERO

-versus-

COX OIL LLC and GOL, L.L.C.

---

FILED: _____

CHELSEY RICHARD DEPUTY CLERK
CLERK, CIVIL COURT DEPUTY CLERK

# EX PARTE MOTION AND ORDER FOR LEAVE
## TO FILE FIRST AMENDED AND SUPPLEMENTAL
## PETITION FOR DAMAGES

NOW INTO COURT, by and through undersigned counsel, comes Petitioner, BILLY

JOE GUERRERO, and moves this Honorable Court for leave to file Petitioner's First Amended

and Supplemental Petition for Damages;   Petitioner respectfully represents that there is no

opposition to the granting of leave for Petitioner to amend and supplement;  Petitioner further

respectfully represents that this amended petition is necessary to properly identity the accurate

defendant COX OPERATING, LLC, who was originally identified instead as its related limited

liability company, COX OIL, LLC.

### ORDER

Considering the foregoing,

Petitioner's Ex Parte Motion for Leave to File First Amended and Supplemental Petition

for Damages is hereby GRANTED;

It is ORDERED, ADJUDGED and DECREED that Petitioner's First Amended and

Supplemental Petition be filed into the record.

Done and signed this 21st day of June, 2018 in New Orleans, Louisiana.

A TRUE COPY

_____
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

_____
J U D G E

D. Nicole Sheppard
Judge - Division "J"

ENTERED ON MINUTES

JUN 22 2018

CHARLENE WILLIAMS

VERIFIED
7/12/2018

**Exhibit A**

Respectfully submitted:

STRAUSS & KING, APLC

Berney L. Strauss, #12527
Rhett E. King, #23811
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
504-523-0033 (telephone)
504-523-0109 (facsimile)

PLEASE SERVE:

(1)     COX OPERATING, LLC
        through its counsel of record :

                **Paul Hale**
                **Deutsch Kerrigan**
                **755 Magazine St.**
                **New Orleans, Louisiana 70130**

(2)     GOL, L.L.C.
        through its registered agent for service of process:

                **Matt Bernard**
                **4535 HWY 308**
                **Raceland, Louisiana 70394**

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA



IN THE CIVIL ↑   TRICT COURT FOR THE PARISH OF ⌐RLEANS

STATE OF LOUISIANA

NO.  2018-2187                SECTION: (15)                DIVISION: "A"

---

BILLY JOE GUERRERO

-versus-

COX OIL LLC and GOL, L.L.C.

---

FILED: _____

_____
DEPUTY CLERK

## FIRST AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES

This First Amended and Supplemental Petition for Damages of BILLY JOE

GUERRERO, a person of the full age of majority, appearing herein through undersigned counsel,

and complaining of the above named defendants, respectfully alleges and shows unto this

Honorable Court as follows:

I.

Petitioner, BILLY JOE GUERRERO, brings this action against the defendants pursuant

to the general maritime laws of the United States of America, and 28 U.S.C. §1333 (1) the

'saving to suitors' clause, and the laws of the state of Louisiana, viz., Louisiana Civil Code Art.

2315 *et seq.*

II.

Petitioner is of the full age of majority and is a citizen of Louisiana, residing in Lafourche

Parish.

III.

Made Defendants herein are:

a.     COX OPERATING  LLC, originally erroneously identified as its related

limited liability company, COX OIL, LLC, both of which are limited

liability companies in good standing and authorized to do business within

the jurisdiction of this Court, having its principal place of business in

-1-



Louisi᠎  located in Orleans Parish at 1615 Poydr᠎  Street, Suite 830,

New Orleans, Louisiana 70808; and,

b.   GOL, L.L.C., a Louisiana limited liability company in good standing and

authorized to do business within the jurisdiction of this Court, having its

address at 4535 Highway 308, P.O. Box 309, Raceland, Louisiana 70394.

IV.

Venue is proper in Orleans Parish under C.C.P. Art. 42(4).   Defendant COX

OPERATING, LLC has its principal place of business in Orleans Parish and its activities are

controlled and made from offices in Orleans Parish.   Under C.C.P. Art. 73, by virtue of the joint

and several liability of all the defendants, venue is proper in Orleans Parish as to all defendants.

V.

On or about January 24, 2018, petitioner, BILLY JOE GUERRERO, was employed by

Grand Isle Shipyard (GIS) as a welder / supervisor.   On that date, petitioner was performing

work on a platform owned and operated by defendant, COX OPERATING,  LLC.

VI.

At the time of the incident, the only means of egress from the platform was to use the

platform's swing rope to reach a supply vessel, the M/V BROOKS DANOS.   The crane on the

platform was broken and inoperable.

VII.

On January 24, 2018, the M/V BROOK DANOS was owned and operated by defendant,

GOL, L.L.C.

VIII.

The M/V BROOKS DANOS was hired to move personnel and equipment between the

platforms in that area.

IX.

On or about January 24, 2018, while attempting to make a swing transfer from the

platform to the M/V BROOKS DANOS, petitioner sustained severe injury to his left hip.  As

petitioner swung from the platform, the M/V BROOKS DANOS moved and petitioner swung

into the side of the vessel injuring his left hip.

## X.

Petitioner underwent hip replacement surgery on or about March 26, 2018. As a result of his injuries, Petitioner is currently disabled and will likely be permanently disabled from his occupation as welder / supervisor.

## XI.

Petitioner, BILLY JOE GUERRERO, has sustained severe and permanent injuries to his body and mind and asserts to the Court that his damages are within the jurisdictional limits of the Court, but the total amount of his compensatory damages will be determined by this Court at the trial in the following particulars:

a)      past, present, and future physical pain and suffering;

b)      past, present, and future mental anguish and emotional distress;

c)      past, present, and future medical expenses;

d)      permanent disability;

e)      disfigurement;

f)      lost wages and loss of earning capacity; and,

g)      loss of enjoyment of life.

## XII.

These aforementioned damages were legally and proximately caused by the negligence of the defendants, COX OPERATING, LLC and GOL, L.L.C. The swing transfer operation being attempted at the time of petitioner's injury was unsafe and dangerous. Both COX OPERATING, LLC as the designated operator of the platform (and owner or custodian of the inoperable crane) and GOL, L.L.C. as owner and operator of the M/V BROOKS DANOS should not have permitted swing transfers given the prevailing weather conditions, viz., very rough seas. The operation should have been halted until the weather conditions would have allowed a safe swing transfer to be made to the vessel.

## XIII.

Petitioner avers amicable demand to no avail.

WHEREFORE, petitioner, BILLY JOE GUERRERO prays that defendants, COX OPERATING, LLC and GOL, L.L.C. be duly cited to appear and answer this petition; that defendants be served with a copy of same and that after due proceedings are had, there be

judgment herein in favor of p      'oner, BILLY JOE GUERRERO, and ag     'st defendants, COX

OPERATING, LLC and GOL, L.L.C.  jointly and severally, for such damages as are reasonable

in the premises, including together with legal interest, attorneys' fees, for all costs of these

proceedings and for all general and equitable relief to which the petitioner may be entitled.

Respectfully submitted:

STRAUSS & KING, APLC

Berney L. Strauss, #12527
Rhett E. King, #23811
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
504-523-0033 (telephone)
504-523-0109 (facsimile)

PLEASE SERVE:

(1)   COX OPERATING, LLC
      through its counsel of record :

> **Paul Hale**
> **Deutsch Kerrigan**
> **755 Magazine St.**
> **New Orleans, Louisiana 70130**

(2)   GOL, L.L.C.
      through its registered agent for service of process:

> **Matt Bernard**
> **4535 HWY 308**
> **Raceland, Louisiana 70394**

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

-4-

FILED

2018 MAY -2 P 1: 40

CIVIL DISTRICT COURT

BILLY JOE GUERRERO
VERSUS
COX OIL, LLC and
GOL, L.L.C.

CIVIL DISTRICT COURT
DOCKET NO. 2018-2187, SEC. 15, DIV. I
PARISH OF ORLEANS
STATE OF LOUISIANA

## MOTION TO SUBSTITUTE COUNSEL OF RECORD

NOW INTO COURT, through undersigned counsel, comes defendant, Cox Operating LLC (incorrectly named as "Cox Oil LLC"), who respectfully moves the Court for an Order substituting Bert M. Cass, Jr., La Bar Roll No. 3984, Paul D. Hale, La. Bar Roll No. 30539, Michael T. Amy, La. Bar Roll No. 35626, and Karuna Davé, La. Bar Roll No. 37091, as counsel of record for Cox Operating LLC and withdrawing Catherin M. Landry, La. Bar Roll No. 25750 and Mandy A. Simon, La. Bar Roll No. 33373, as counsel of record for Cox Operating LLC.

Respectfully submitted,

DEUTSCH KERRIGAN, L.L.P.

BY: _____
BERT M. CASS, JR. (#3984)
PAUL D. HALE (#37091)
MICHAEL T. AMY (#35626)
KARUNA DAVÉ (#37091)
755 Magazine Street
New Orleans, Louisiana 70130
Telephone:    (504) 581-5141
Fax:              (504) 566-1201

PREIS PLC

BY: _____
CATHERINE M. LANDRY (#25750)
MANDY A. SIMON (#33373)
102 Versailles Boulevard, Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone:  (337) 237-6062
Fax:  (337) 237-9129
E-Mail:  clandry@preisplc.com
              msimon@preisplc.com

*Counsel for COX OIL, LLC*

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

VERIFIED

VERIFIED
5-10-18

VERIFIED
Barbara Gaude
Deputy Clerk

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading has this date been served on all counsel of record by the following proceeding:

( ) Hand Delivered                    ( ) Prepaid U. S. Mail

( ) Facsimile                         ( ) Federal Express

(✓) E-Mail

Lafayette, Louisiana this _2ND_ day of ~~April~~ *May* 2018.

*New Orleans*

_____

MICHAEL T. AMY

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

2

FILED

2018 MAY -2 P 1:41

CIVIL
DISTRICT COURT

BILLY JOE GUERRERO
VERSUS
COX OIL, LLC and
GOL, L.L.C.

CIVIL DISTRICT COURT
DOCKET NO. 2018-2187, SEC. 15, DIV. A
PARISH OF ORLEANS
STATE OF LOUISIANA

---

## ORDER

**CONSIDERING THE FOREGOING MOTION TO SUBSTITUTE COUNSEL OF RECORD;**

**IT IS HEREBY ORDERED** that Bert M. Cass, Jr., La. Bar Roll No. 3984, Paul D. Hale, La. Bar Roll No. 30539, Michael T. Amy, La. Bar Roll No. 35626, and Karuna Davé of the law firm of Deutsch Kerrigan, LLP, be substituted as counsel of record for defendant, Cox Operating LLC (incorrectly named as "Cox Oil LLC"), and further that Catherine M. Landry, La. Bar Roll No. 25750, and Mandy A. Simon, La. Bar Roll No. 33373, be withdrawn as counsel of record for Cox Operating, LLC.

New Orleans, Louisiana, this _2nd_ day of _May_, 2018.

_____
**CIVIL DISTRICT JUDGE**
D. Nicole Sheppard
Judge - Division "J"

A TRUE COPY

_____
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

ENTERED ON MINUTES

MAY 07 2018

CHARLENE WILLIAMS

VERIFIED
Barbara Gaude
Deputy Clerk

BILLY JOE GUERRERO

VERSUS

COX OIL, LLC and
GOL, L.L.C.

CIVIL DISTRICT COURT

DOCKET NO. 2018-2187, SEC. 15, DIV. A

PARISH OF ORLEANS
STATE OF LOUISIANA

## EXCEPTION OF NO CAUSE OF ACTION
## AND ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes COX OIL, LLC, sought to be

made a defendant in the above entitled and numbered cause who, in response to the Petition for

Damages of Plaintiff, BILLY JOE GUERRERO, respectfully avers as follows:

### Exception of No Cause of Action

COX OIL, LLC excepts to Plaintiff's Petition for Damages as Plaintiff's Petition fails to

state any cause of action against COX OIL, LLC which entity did not own or operate the platform

in question.

### ANSWER

**I.**

The allegations of Paragraph I of the Petition for Damages constitute conclusions of law

and as such require no response on behalf of Defendant.

**II.**

The allegations of Paragraph II of the Petition for Damage are denied for lack of sufficient

information to justify a belief therein.

**III.**

The allegations of Paragraph III of the Petition for Damages state legal conclusions with

respect to this Defendant for which an answer is not required. The remaining allegations of

Paragraph III are denied for lack of sufficient information to justify a belief therein.

**IV.**

The allegations of Paragraph IV of the Petition for Damages state legal conclusions with

respect to this Defendant for which an answer is not required. The remaining allegations of

Paragraph III are denied for lack of sufficient information to justify a belief therein.

**V.**

The allegations of Paragraph V of the Petition for Damages are denied.

CLERK, CIVIL DISTRICT COURT
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504 - 407 - 0000

Receipt Date        4/16/2018 2:39:00 PM
Receipt Number      688769
Cashier             rtjohnson
Register            CDCCASH4
Case Number         2018 - 02187
Grand Total         $370.00
Amount Received     $370.00
Balance Due         $0.00
Over Payment        $0.00
Payment/ Transaction List
Check #  039264  $370.00

Item              Charged   Paid     Bal
Exception         $54.00    $54.00   $0.00
Answer            $272.00   $272.00  $0.00
Certified Copies  $44.00    $44.00   $0.00



VI.

The allegations of Paragraph VI of the Petition for Damages are denied.

VII.

The allegations of Paragraph VII of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph VIII of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph IX of the Petition for Damages are denied.

X.

The allegations of Paragraph X of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph XI of the Petition for Damages constitute conclusions of law and, as such, require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations related to this Defendant are denied.

XII.

The allegations of Paragraph XII of the Petition for Damages constitute conclusions of law and, as such, require no response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations related to this Defendant are denied.

XIII.

The allegations of Paragraph XIII of the Petition for Damages are denied for lack of sufficient information to justify a behalf therein.

XIV.

The allegations contained in the Prayer of Plaintiff's Petition for Damages and all other allegations not expressly admitted or denied are hereby denied.

AND NOW, in further responding to Plaintiff's allegations, Defendant avers as follows:

XV.

Defendant denies that it or any person(s), firm(s) or corporation(s) for whom it may be responsible was guilty of any negligence, strict liability, want of due care or other legal fault constituting a proximate cause of the alleged incident in question but, on the contrary, avers that the incident and resulting damages, if any, were caused by the fault, negligence, want of due care or other legal fault of parties, named or unnamed, for whose actions Defendant is not responsible, which must be quantified and legally allocated accordingly.

XVI.

In the event Defendant, or any person(s), firm(s) or corporation(s) for whom Defendant may be responsible, was guilty of any negligence, strict liability, want of due care or other legal fault constituting a proximate cause of the alleged accident in question or if for any other reason Defendant could be responsible to Plaintiff in the suit, which is denied, Defendant avers that Plaintiff and/or other parties, named or unnamed, were guilty of contributory negligence and/or comparative fault constituting a proximate cause of the alleged accident in question and, further, said contributory negligence and/or comparative fault is herein pled as the sole cause of the accident, or, alternatively, in mitigation of damages.

XVII.

In the event and solely in the event that liability is found to exist on the part of Defendant, all of which is at all times specifically denied, Defendant avers that Plaintiff, BILLY JOE GUERRERO, was guilty of contributory negligence constituting a proximate cause of the alleged accident in question. and further Plaintiff assumed the risk, and that said contributory negligence and assumption risk operates as a complete bar to any recovery herein, or alternatively in mitigation of damages. Said acts and assumption of risks consists of the following non-exclusive particulars:

   a.    Being inattentive to his physical surroundings;

   b.    Failing to act with due care under the circumstances;

   c.    Acting carelessly and recklessly under the circumstances;

   d.    Failing to see what should have been seen, including open and obvious hazards;

   e.    Failing to keep a proper lookout;

   f.    Failing to exercise stop work authority;

g.  Failing to exercise reasonable and prudent care under the circumstances then existing;

h.  In general, in failing to do what he should have done and could have done to avoid the accident; and

i.  Any and all other acts of negligence which may be proven through discovery or a trial in this matter.

### XVIII.

In the event and solely in the event that liability is found to exist on the part of Defendant, all of which is at all times specifically denied, Defendant avers that the Captain and Crew of M/V BROOKS DANOS were guilty of contributory negligence constituting a proximate cause of the alleged accident in question consisting of the following non-exclusive particulars:

a.  Acting carelessly and recklessly under the circumstances;

b.  Allowing a swing rope transfer to occur in rough weather;

c.  Failing to exercise stop work authority;

d.  Failing to exercise reasonable and prudent care under the circumstances then existing;

e.  In general, in failing to do what he should have done and could have done to avoid the accident; and

f.  Any and all other acts of negligence which may be proven through discovery or a trial in this matter.

### XIX.

Alternatively, Defendant avers the alleged accident in question and resulting injuries/damages, if any, resulted from an unavoidable accident for which Defendant cannot be held responsible.

### XX.

Defendant further avers the best evidence of the terms, conditions, provisions, limitations, exclusions and coverage of any insurance policy issued are contained in the policy itself. Defendant denies any allegations which may tend to enlarge, contradict or contravene the terms, conditions, exclusions and limitations of liability as to the amount or otherwise, as therein provided. Defendant specifically pleads the terms of the policy as if copied herein in full and place

Plaintiff on his full proof of any allegations seeking to infer liability on behalf on any party by virtue of the existence of said policy of insurance.

### XXI.

Defendant avers that Plaintiff has or may have received payment of medical expenses and/or other benefits, including, but not limited to, Workers' Compensation benefits, under a policy or policies of health, accident and/or hospitalization insurance, Medicare or Medicaid benefits and/or at a charity hospital or other governmental hospital and/or Workers' Compensation insurance, and has subrogated his rights and claims for payment of said benefits and expenses to the person, firm, corporation or entity issuing said policy or benefits and therefore has no right of action against Defendant for any amounts so paid.

### XXII.

Defendant affirmatively alleges that if it is liable in any way for damages in this matter, which is strictly denied, it is entitled to an offset and/or credit for any funds/damages Plaintiff may be entitled to recover from other sources.

### XXIII.

In the event, and solely in the event that any liability is found to exist on the part of Defendant, all of which is at all times specifically denied, Defendant avers Plaintiff has failed to mitigate his damages.

### XXIV.

Defendant further avers the injuries and resulting disability alleged to have been suffered by Plaintiff existed prior to the alleged accident in question, and as such, Defendant is not liable for said injuries and/or disability or resulting damages to Plaintiff. Alternatively, and only in the event that it should be found that these pre-existing injuries were aggravated by the alleged accident, Defendant avers it is entitled to limitation of any damages claimed against it to those resulting from the aggravation alone and not from pre-existing injuries.

### XXV.

Alternatively, and without waiving any rights herein, Defendant avers that Plaintiff's medical treatment, records, and bills may contain billing irregularities, unnecessary treatments, unreasonable treatment and improvident medical care. Defendant reserves the right to supplement and amend this affirmative defense at any time.

XXVI.

Defendant retains the right to assert additional affirmative defense as they become evident prior to or at the trial of this matter.

XXVII.

Defendant requests a trial by jury on all issues in this cause.

WHEREFORE, all premises considered, Defendant, COX OIL, LLC, prays that this Exception of No Cause of Action and Answer to the Petition for Damages of Plaintiff, BILLY JOE GUERRERO, be deemed good and sufficient and, after all legal delays and due proceedings are had, this Honorable Court enter judgment herein in Defendant's favor and against Plaintiff, with prejudice, and at Plaintiff's cost, and grant Defendant such other, further and different relief as may be necessary and proper, including attorney's fees and costs, as the justice of this cause may require and permit. Further, Defendant prays for a trial by jury on all issues.

Respectfully submitted,

PREIS PLC

BY: _____

CATHERINE M. LANDRY (#25756)
MANDY SIMON (#33373)
102 Versailles Boulevard, Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone: (337) 237-6062
Fax: (337) 237-9129
E-Mail: clandry@preisplc.com
       msimon@preisplc.com

*Counsel for COX OIL, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading has this date been served on all counsel of record by the following proceeding:

( ) Hand Delivered            ( ) Prepaid U. S. Mail

( ) Facsimile                 ( ) Federal Express

( ✓ ) E-Mail

Lafayette, Louisiana this 12th day of April, 2018.

_____
CATHERINE M. LANDRY

A TRUE COPY
2022405

_____
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

BILLY JOE GUERRERO

VERSUS

COX OIL, LLC and
GOL, L.L.C.

CIVIL DISTRICT COURT

DOCKET NO. 2018-2187, SEC. 15, DIV. A

PARISH OF ORLEANS
STATE OF LOUISIANA

---

### REQUEST FOR NOTICE

TO:   HONORABLE DALE N. ATKINS
      CIVIL DISTRICT OF ORLEANS PARISH CLERK OF COURT
      421 Loyola Avenue, Room 402
      New Orleans, Louisiana 70112
      **HONORABLE DALE N. ATKINS**

PLEASE TAKE NOTICE that CATHERINE M. LANDRY and MANDY SIMON of the

law firm of PREIS PLC, attorneys for Defendant, COX OIL, LLC , do hereby request, pursuant to

Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, written notice of the date of trial

of the above matter, as well as notice of hearings (whether on the merits or otherwise), orders,

judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the

Judge or any member of the court, as provided in the Louisiana Code of Civil Procedure,

particularly, but not limited to Articles 1912, 1913, 1914, 1915, 1916, and 1917.

Respectfully submitted,

PREIS PLC

BY:   _____

CATHERINE M. LANDRY (#25750)
MANDY SIMON (#33373)
102 Versailles Boulevard, Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone: (337) 237-6062
Fax:  (337) 237-9129
E-Mail: clandry@preisplc.com
        msimon@preisplc.com

*Counsel for COX OIL, LLC*

A TRUE COPY

_____
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

VERIFIED

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading has this date been served on all counsel of record by the following proceeding:

( ) Hand Delivered                    ( ) Prepaid U. S. Mail

( ) Facsimile                         ( ) Federal Express

( ✓) E-Mail

Lafayette, Louisiana this _12th_ day of April 2018.

_____

CATHERINE M. LANDRY

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

| | |
|---|---|
| BILLY JOE GUERRERO | CIVIL DISTRICT COURT |
| VERSUS | DOCKET NO. 2018-2187, SEC. 15, DIV. A |
| COX OIL, LLC and<br>GOL, L.L.C. | PARISH OF ORLEANS<br>STATE OF LOUISIANA |

---

### JURY ORDER

Considering the foregoing demand for jury trial;

IT IS HEREBY ORDERED that the above-captioned matter is to be tried by jury upon

Defendant, COX OIL, LLC, giving bond with good and solvent surety in the amount of

$_____ within _____ days prior to trial.

SIGNED THIS _____ day of ____ APR 2 3 2018 2018 at *New Orleans*, Louisiana.

*Jury Bond Order will be issued
upon execution of trial date.*

HONORABLE DONALD JOHNSON (*Pro Tempore*)
ORLEANS PARISH DISTRICT JUDGE

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

ENTERED ON MINUTES

APR 2 4 2018

CHARLENE WILLIAMS

VERIFIED

IN THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2018-2187          SECTION:                    DIVISION:

SECTION 15

BILLY JOE GUERRERO

-versus-

COX OIL LLC and GOL, L.L.C.

FILED

MAR - 6 2018

CLERK'S OFFICE
CIVIL DISTRICT COURT

FILED: _____          _____
                                   DEPUTY CLERK

## PETITION FOR DAMAGES

The Petition for Damages of BILLY JOE GUERRERO, a person of the full age of

majority, appearing herein through undersigned counsel, and complaining of the above named

defendants, respectfully alleges and shows unto this Honorable Court as follows:

I.

Petitioner, BILLY JOE GUERRERO, brings this action against the defendants pursuant

to the general maritime laws of the United States of America, and 28 U.S.C. §1333 (1) the

'saving to suitors' clause, and the laws of the state of Louisiana, viz., Louisiana Civil Code Art.

2315 *et seq.*

II.

Petitioner is of the full age of majority and is a citizen of Louisiana, residing in Lafourche

Parish.

III.

Made Defendants herein are:

    a.    COX OIL LLC, a Delaware limited liability company in good standing and

        authorized to do business within the jurisdiction of this Court, having its

        principal place of business in Louisiana located in Orleans Parish at 1615

        Poydras Street, Suite 830, New Orleans, Louisiana 70808; and,

-1-

VERIFIED

Jeremy Scott
3/12/18

b.      GOL, L.L.C., a Louisiana limited liability company in good standing and

authorized to do business within the jurisdiction of this Court, having its

address at 4535 Highway 308, P.O. Box 309, Raceland, Louisiana 70394.

IV.

Venue is proper in Orleans Parish under C.C.P. Art. 42(4).   Defendant COX, LLC has its

principal place of business in Orleans Parish.   Under C.C.P. Art. 73, by virtue of the joint and

several liability of all the defendants, venue is proper in Orleans Parish as to all defendants.

V.

On or about January 24, 2018, petitioner, BILLY JOE GUERRERO, was employed by

Grand Isle Shipyard (GIS) as a welder / supervisor.   On that date, petitioner was performing

work on a stationary platform owned and operated by defendant, COX OIL LLC.

VI.

At the time of the incident, the only means of egress from the platform was to use the

platform's swing rope to reach a supply vessel, the M/V BROOKS DANOS.   The crane on the

platform was broken and inoperable.

VII.

On January 24, 2018, the M/V BROOK DANOS was owned and operated by defendant,

GOL, L.L.C.

VIII.

The M/V BROOKS DANOS was hired to move personnel and equipment between the

platforms in that area.

IX.

On or about January 24, 2018, while attempting to make a swing transfer from the

platform to the M/V BROOKS DANOS, petitioner sustained severe injury to his left hip.   As

petitioner swung from the platform, the M/V BROOKS DANOS moved and petitioner swung

into the side of the vessel injuring his left hip.

X.

Petitioner is scheduled for hip replacement surgery on March 26, 2018.   As a result of his

injuries, Petitioner is currently disabled and will likely be permanently disabled from his

occupation as welder / supervisor.

## XI.

Petitioner, BILLY JOE GUERRERO, has sustained severe and permanent injuries to his body and mind and asserts to the Court that his damages are within the jurisdictional limits of the Court, but the total amount of his compensatory damages will be determined by this Court at the trial in the following particulars:

a)      past, present, and future physical pain and suffering;

b)      past, present, and future mental anguish and emotional distress;

c)      past, present, and future medical expenses;

d)      permanent disability;

e)      disfigurement;

f)      lost wages and loss of earning capacity; and,

g)      loss of enjoyment of life.

## XII.

These aforementioned damages were legally and proximately caused by the negligence of the defendants, COX OIL LLC and GOL, L.L.C.   The swing transfer operation being attempted at the time of petitioner's injury was unsafe and dangerous.   Both COX OIL LCC as the operator of the platform (and owner of the inoperable crane) and GOL, L.L.C. as owner and operator of the M/V BROOKS DANOS should not have permitted swing transfers given the prevailing weather conditions, viz., very rough seas.   The operation should have been halted until the weather conditions would have allowed a safe swing transfer to be made to the vessel.

## XIII.

Petitioner avers amicable demand to no avail.

WHEREFORE, petitioner, BILLY JOE GUERRERO prays that defendants, COX OIL LLC and GOL, L.L.C. be duly cited to appear and answer this petition; that defendants be served with a copy of same and that after due proceedings are had, there be judgment herein in favor of petitioner, BILLY JOE GUERRERO, and against defendants, COX OIL LLC and GOL, L.L.C. jointly and severally, for such damages as are reasonable in the premises, including together with legal interest, attorneys' fees, for all costs of these proceedings and for all general and equitable relief to which the petitioner may be entitled.

Respectfully submitted:

STRAUSS & KING, APLC

Berney L. Strauss, #12527
Rhett E. King, #23811
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
504-523-0033 (telephone)
504-523-0109 (facsimile)

PLEASE SERVE:

(1)     COX OIL LLC
        through its registered agent for service of process:

                **CT Corporation System**
                **3867 Plaza Tower Dr.**
                **Baton Rouge, Louisiana 70816**

(2)     GOL, L.L.C.
        through its registered agent for service of process:

                **Matt Bernard**
                **4535 HWY 308**
                **Raceland, Louisiana 70394**

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA                              -4-