1030-20352

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BILLY GOE GUERRERRO** | **CIVIL ACTION NO: 2:18-CV-06679** |
| **VERSUS** | **DISTRICT JUDGE:** <br> **HON. MARTIN L.C. FELDMAN** |
| **COX OIL LLC AND GOLD, L.L.C.** | **MAGISTRATE JUDGE:** <br> **HON. MICHAEL NORTH** |

### GOL, L.L.C.'S ANSWER TO PETITION FOR DAMAGES
### OF PLAINTIFF, BILLY JOE GUERRERO

**NOW INTO COURT,** through undersigned counsel, comes defendant, GOL, L.L.C. ("GOL" or "Defendant") and responds to the Petition for Damages ("Original Petition") filed by Billy Joe Guerrero ("Plaintiff"), as follows:

### FIRST DEFENSE

The Original Petition fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

The Original Petition is barred by the applicable period of prescription or statute of limitations, or laches.

### THIRD DEFENSE

The Original Petition is defective in that it is so vague and ambiguous that Defendant cannot reasonably prepare a response.

**FOURTH DEFENSE**

And now, without waiving any of the foregoing defenses, GOL, L.L.C. ("GOL" or "Defendant") responds to the allegations of Plaintiff's Original Petition categorically and by paragraph as follows:

1.

The allegations contained in Paragraph I of the Original Petition does not require a response from this defendant. Notwithstanding, out of an abundance of caution and to the extent necessary, those allegations are denied.

2.

The allegations contained in Paragraph II of the Original Petition are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph III, including its subparagraphs, of the Original Petition are denied for lack of sufficient information to justify a belief therein, except to admit the address information for GOL, L.L.C. and that GOL, L.L.C. is a Louisiana limited liability company in good standing and authorized to do business in the State of Louisiana.

4.

The allegations contained in Paragraph IV of the Original Petition are denied. In further response, defendant denies the principal place of business location for Cox, LLC for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph V of the Original Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph VI of the Original Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph VII of the Original Petition are admitted.

8.

The allegations contained in Paragraph VIII of the Original Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph IX of the Original Petition are denied.

10.

The allegations contained in Paragraph X of the Original Petition are denied.

11.

The allegations contained in Paragraph XI, including its subparagraphs, of the Original Petition are denied.

12.

The allegations contained in Paragraph XII of the Original Petition that are directed to this defendant are denied.  The remaining allegations contained in Paragraph XII of the Original Petition are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph XIII of the Original Petition are denied.

**FIFTH DEFENSE**

Defendant denies the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Original Petition which have not heretofore been specifically addressed.

**SIXTH DEFENSE**

The alleged accident claimed by plaintiff, and any claimed injuries and/or damages (if any), were the result of the fault and/or neglect of plaintiff, the particulars of which will be shown at the trial of this matter and which fault and/or neglect are pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

**SEVENTH DEFENSE**

Defendant specifically denies that it or anyone for whose actions it is or may be responsible in anyway, caused or contributed to the alleged accident claimed by plaintiff and any injuries, damages and/or losses resulting therefrom (if any); on the contrary, such alleged accident and claimed injuries and/or damages (if any) were caused by the fault and/or neglect of plaintiff and/or persons or parties for whom Defendant cannot be held responsible.

**EIGHTH DEFENSE**

Defendant denies that the alleged accident claimed by plaintiff, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created by Defendant, or by any equipment and/or conditions of such equipment and/or over an area, for which Defendant is or may be responsible.

## NINTH DEFENSE

Defendant avers that the plaintiff's alleged accident and/or claimed injuries and/or damages (if any) resulting therefrom were not a foreseeable consequence of any act or omission on the part of Defendant or anyone for whom Defendant may be held responsible.

## TENTH DEFENSE

Defendant avers that the plaintiff's alleged accident and any claimed injuries and/or damages resulting therefrom (if any), were the result of the usual and normal risks of plaintiff's occupation and/or were inherent in the activities being performed by plaintiff at the time of the alleged accident, which risks were assumed by plaintiff and which assumption of risk is pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

## ELEVENTH DEFENSE

Defendant avers that plaintiff's claimed injuries and/or damages pre-existed and/or are otherwise unrelated to the alleged accident in suit.

## TWELFTH DEFENSE

Defendant avers that the plaintiff has failed to mitigate his damages, and thus his recovery herein should be defeated or mitigated.

## THIRTEENTH DEFENSE

Defendant is entitled to a set off from any recovery against it to the extent of any and all benefits or monies paid or payable to or on behalf of plaintiff from any sources.

## FOURTEENTH DEFENSE

Defendant avers that any negligence for which Defendant is allegedly responsible, such negligence being specifically denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**FIFTEENTH DEFENSE**

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom Defendant is in no way responsible.

**SIXTEENTH DEFENSE**

In the event Defendant is found responsible in any way to plaintiff, which is denied, Defendant avers that it is entitled to have the fault of plaintiff and the fault of any and all other parties and non-parties, quantified and allocated and any amounts found owing to plaintiff by Defendant be reduced to the extent of such fault.

**SEVENTEENTH DEFENSE**

Defendant avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by Defendant, thus barring or mitigating any recovery by plaintiff herein.

**EIGHTEENTH DEFENSE**

Defendant avers that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore plaintiff can have and make no recovery herein.

**NINETEENTH DEFENSE**

Defendant avers that any damages allegedly sustained by Plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which Defendant or any other person, party, or entity for which Defendant would be responsible, were not responsible.

## TWENTIETH DEFENSE

In the alternative, Defendant avers that plaintiff' injuries, if any, resulted from a condition that was open and obvious to plaintiff.

## TWENTY-FIRST DEFENSE

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom Defendant is in no way responsible. Specifically, Defendant alleges and aver that others for whom Defendant was in no way responsible, were negligent, or at fault in the following particulars, but not limited thereto:

1. Failure to maintain a proper lookout;

2. Failure to see what he should have seen under the prevailing circumstance;

3. Failure to exercise reasonable care;

4. Failure to take proper precaution to avoid the alleged accident;

5. Failure to utilize safety measures available and/or instructions to prevent the accident; and

6. Any and all acts of negligence and/or assumptions of risk which will be proved at trial.

## TWENTY-SECOND DEFENSE

In the further alternative, Defendant specifically alleges and avers that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an Act of God, or *force majeure* or other circumstances beyond Defendant's control or the responsibility of Defendant and was not proximately caused by any acts or omissions on the part of Defendant or any other person, party or entity for whom Defendant would be responsible.

### TWENTY-THIRD DEFENSE

Defendant specifically denies that plaintiff has a claim under Section 905(b) of the Longshore and Harbor Workers' Compensation Act.

### TWENTY-FOURTH DEFENSE

In the alternative, Defendant specifically denies that there was a breach of any shipowner duty as set forth by the Supreme Court of the United States in *Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156 (1981), and that if there was a breach of any such duty, which is denied, then it was not the cause of plaintiff's alleged injuries.

### TWENTY-FIFTH DEFENSE

In the alternative, Defendant avers that any and all injuries allegedly sustained by plaintiff, and any other potential claimants, occurred without its privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of Defendant's interest in any vessel. Accordingly, Defendant invokes the benefit of provisions of the United States Code, Revised Statutes of the United States of America and all acts amended thereof and supplement thereto in limitation of the liability of ship owners, and in particular, the ship owners limitation of liability, 46 U.S.C. § 30501, *et seq*.

### TWENTY-SIXTH DEFENSE

Defendant reserves its right to supplement, amend, or modify their affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

### JURY DEMAND

GOL hereby demands a trial by jury.

**WHEREFORE,** the premises considered, defendant, GOL, L.L.C., prays that its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in

favor of defendant, GOL, L.L.C. and against plaintiff, Billy Joe Guerrero, dismissing his Petition for Damages, at plaintiff's costs, and that defendant, GOL, L.L.C. be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

 /s/  Salvador J. Pusateri
Salvador J. Pusateri T.A. (#21036)
Michael H. Rodrigue, Jr. (#31306)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Michael.Rodrigue@pjgglaw.com
ATTORNEYS FOR GOL, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

 /s/  Salvador S. Pusateri