UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILLY JOE GUERRERO                           CIVIL ACTION

V.                                           NO. 18-6679

COX OPERATING, LLC and GOL, LLC              SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand on the ground that removal was untimely. For the following reasons, the motion is DENIED.

**Background**

This personal injury action arises from an incident that occurred on the Outer Continental Shelf. Billy Joe Guerrero worked as an independent contractor for Cox Operating, LLC, performing services on its High Island field platform located off of Texas' coast. In late January of 2018, Guerrero allegedly sustained injuries to his hip while attempting to make a swing transfer from the platform to a vessel owned by GOL, LLC.

On March 6, 2018, Guerrero sued Cox Oil, LLC, the alleged owner and operator of the platform, and GOL, LLC, the owner of the vessel, in the Civil District Court for the Parish of Orleans, alleging negligence under both the general maritime law and Louisiana law. In his petition, the plaintiff submits that Cox Oil, LLC, as operator of the platform (and owner of the inoperable

1

crane) and GOL, LLC, as owner and operator of the M/V BROOKS DANOS should not have permitted swing transfers and that the defendants were negligent in causing his injuries. Cox Oil, LLC was served with the petition on March 22, 2018, and GOL, LLC was served on March 13, 2018.

After Cox Oil, LLC was served, plaintiff's counsel was notified that Cox Oil, LLC played no role in the operations at issue, and that the proper defendant for the allegations was Cox Operating, LLC. Although the two Cox entities, as well as their officers and managers, share the same address, Cox Oil, LLC and Cox Operating, LLC are separate limited liability companies. Because the plaintiff took no action, Cox Oil, LLC filed an Exception of No Cause of Action on April 12, 2018, stating that it did not own or operate the platform in question or contract with any of the parties at issue. After being notified on June 14 that Cox Oil, LLC intended to move for summary judgment, the plaintiff filed an amended petition, naming Cox Operating, LLC as a defendant, on June 21, which was served on July 11. Two days later, on July 13, Cox Operating, LLC removed the lawsuit to this Court, invoking the Court's federal question jurisdiction because the plaintiff's claims arise under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq*. Then, on August 12, 2018, the plaintiff filed a motion to remand, alleging that removal was

untimely because it did not occur within 30 days of service of the original petition on Cox Oil, LLC.

I.

Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Furthermore, § 1446(b)(2)(B) clarifies that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  The removal statute goes on to provide that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier served defendant may consent to the removal even though the earlier-served defendant did not previously initiate or consent to removal." Id. § 1446(b)(2)(C).

II.

At issue in this case is whether the 30-day removal period begins to run when a misidentified defendant is served, or after the state court petition is amended and the proper legal entity is served.  The plaintiff contends that this time period commences upon service on the initial defendant, while the defendant embraces the latter position.

The plaintiff contends that courts have applied the "first served" defendant rule where a party is misnamed and an amended complaint adds the correct legal entity as a defendant. To support this proposition, the plaintiff points to cases from the Southern District of New York and Eastern District of Missouri. For example, in Howell v. Forest Pharms., Inc., 2015 U.S. Dist. LEXIS 125644, *8, the United States District Court for the Eastern District of Missouri held that because "the amended complaint involved the substitution of a properly-named entity for an improperly-named defendant with the same claims as the original complaint, rather than the addition of a new defendant with new claims," the 30-day removal period began upon service of the original complaint on the misnamed defendant and expired before service of the amended complaint. The court reasoned that the "[p]laintiff's error in naming the defendant in the original complaint as Forest Laboratories, Inc. instead of Forest Laboratories, LLC provide[d] no relief from the operation of § 1446(b)(1)." Id. at *10.

Additionally, the plaintiff alleges that the United States District Court for the Middle District of Louisiana has recognized the "first served" rule in Toney v. Rimes, 2017, U.S. Dist. LEXIS 30403, at *9-10 (M.D. La. Feb. 9, 2017). In that case, the court cited Brown v. New Jersey Mfrs. Ins. Grp., 322 F. Supp. 2d 947, 952 (M.D. Tenn. 2004) and summarized it as "remanding [an] action

where defendant was on notice of originally filed lawsuit even though it was not named in the initial complaint due to misnomer — address and phone number of two entities were identical, letterhead used names of both entities, erroneous name was collectively used to refer to four insurance companies, including the proper party." Toney v. Rimes, 2017, U.S. Dist. LEXIS 30403, at *9-10 (M.D. La. Feb. 9, 2017). However, the Middle District distinguished Brown from the case before it; unlike in Brown, the case before the Middle District initially was not removable since complete diversity was not alleged. Id. at *10-12.

The plaintiff argues that the facts of this case are similar to those in Howell and Brown. Here, the original defendant, Cox Oil, LLC, and the substituted defendant, Cox Operating, LLC, have the same address, each defendant's listed Officer and Manager have the same address, and the plaintiff's original petition and amended petition identify the Cox Defendant as "the designated operator of the platform (and owner or custodian of the inoperable crane)." The plaintiff argues that by alleging that the 30-day removal period began anew when Cox's proper name was added to the amended petition, the Cox defendant seeks a "second bite at the apple."

The defendant counters that the plaintiff's reliance on Howell and Brown, cases from district courts outside of the Fifth Circuit, is misplaced. Although the Fifth Circuit has not squarely addressed the issue of whether the 30-day removal period begins to

run upon service on the incorrect defendant, it has held that when a plaintiff mistakenly sues the wrong party, the real party in interest cannot remove the case. *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 438-39 (5th Cir. 2014). For example, in *De Jongh v. State Farm Lloyds*, the plaintiff sued State Farm Lloyds, Inc. and an adjustor. Id. at 436. State Farm Insurance filed an answer, asserting that it had been improperly named as State Farm Lloyds, and removed the case. Id. On appeal, the Fifth Circuit held that because State Farm never properly became a defendant, it lacked the authority to remove the action. Id. at 438. The defendant contends that because Fifth Circuit precedent precludes a party from seeking removal until it has been named as a defendant, it follows that the 30-day removal period begins to run upon service on the proper legal entity. The Court agrees.

Furthermore, the plaintiff's contention that the Middle District of Louisiana recognized the "first-served" rule in Toney does not support a finding that the 30-day removal period here began to run when Cox Oil, LLC was served. In Toney, the Middle District distinguished between misnomer and misidentification cases. See *Toney v. Rimes*, 2017, U.S. Dist. LEXIS 30403, *9-11(M.D. La. Feb. 9, 2017). Misnomer occurs when the correct party is misnamed but served with notice of the suit, while misidentification "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a

name similar to that of the correct entity." <u>De Jongh</u>, 555 Fed.
Appx. at 438 n. 4. In <u>Toney</u>, the Middle District noted that "where
a plaintiff mistakenly sues an entity by *misnomer* (as opposed to
by misidentification of the correct legal entity) then the 30-day
period for removal is triggered upon service of the initial
pleading, not service of a later amended pleading naming the
correct defendant." <u>Toney v. Rimes</u>, 2017, U.S. Dist. LEXIS 30403,
*9-11 (M.D. La. Feb. 9, 2017) (emphasis added). In other words,
the 30-day period for removal does not run against a party who has
not been sued, when an incorrect party was sued in its place.[1]

Here, the plaintiff sued Cox Oil, LLC, believing it was the
correct party to sue, when the proper party was Cox Operating,
LLC. This error constitutes a misidentification, rather than a
misnomer. Because Cox Operating, LLC's 30-day period for removal
did not begin to run until it was served with the amended petition
on July 11, 2018, and it filed a Notice of Removal on July 13,

---

[1] This proposition is not inconsistent with the holding of the
United States District Court for the Northern District of Texas in
<u>I.D. Technology, LLC v. Paul Leibinger Numbering, Machine, L.P.</u>,
No. 3:12-CV-2646-B, 2013 WL 105361, at *3 (N.D. Tex. Jan. 8, 2013).
In that case, the Northern District of Texas held that the 30-day
removal period began upon service of the original petition on the
misnamed defendant because the proper defendant was under the
court's jurisdiction at that moment. <u>Id.</u> In so holding, the court
emphasized that "[t]he proper party was served and given notice of
this suit, just by the wrong name." <u>Id.</u> at *3 fn. 2.

2018, removal was timely.  Accordingly, IT IS ORDERED: that the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, September 19, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE